# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILLIAM JONATHAN MAYO, : | |
| GDC NO. 693216, : | PRISONER CIVIL RIGHTS |
|     Plaintiff, : | 42 U.S.C. § 1983 |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:10-CV-1607-TWT |
| SHEVONDAH FIELDS; : | |
| GEORGIA DEPARTMENT OF : | |
| CORRECTIONS; and ERIC : | |
| SELLERS, : | |
|     Defendants. : | |

## ORDER AND OPINION

In this *pro se* civil rights action, Plaintiff William Jonathan Mayo ("Plaintiff") seeks damages for the violation of inmate disciplinary and appeal procedures, loss of property, and retaliation. For the reasons discussed below, this action should be summarily dismissed pursuant to 28 U.S.C. § 1915A

## I.   The Standard of Review

Title 28 U.S.C. § 1915A(a), requires a federal court to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Pursuant to § 1915A(b), a federal court should dismiss a prisoner complaint that is either: (1) "frivolous,

AO 72A
(Rev.8/82)

malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

"To succeed on a 42 U.S.C. § 1983 claim, a plaintiff must show that the violative conduct was committed by a person acting under the color of state law and that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Loren v. Sasser*, 309 F.3d 1296, 1303 (11th Cir. 2002) (internal quotation omitted). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint should be dismissed, pursuant to 28 U.S.C. § 1915A. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although . . . we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").

**II.     Discussion**

    **A.     Plaintiff's Allegations**

Plaintiff is a Georgia inmate currently confined at Johnson State Prison in Wrightsville, Georgia. According to Plaintiff, on February 24, 2009, the State Board of Pardons and Paroles tentatively granted him parole upon completion of the Georgia Department of Corrections' ("GDC") work-release program. (Pl.'s Comp. [1], attachment to ¶ IV.) On March 24, 2009, Plaintiff was transferred to the Clayton Transitional Center in Forest Park, Georgia, to undergo thirty (30) days of orientation before being place on work-release. (*Id.*) After completing the orientation program, Plaintiff obtained employment as an Assistant Training Manager at an L.A. Fitness in Norcross, Georgia. (*Id.*)

Allegedly due to inconsistent shuttle service at the transition center, Plaintiff was having difficulty arriving at work and returning to the transition center on time. (*Id.*) On May 8, 2009, Plaintiff received a Disciplinary Report ("DR") related to the travel difficulties. (*Id.*; Pl.'s Exh. B [1].) On May 11, 2009, Kimberly Todd, President of the WJM Innocence Coalition, wrote a letter on Plaintiff's behalf in an effort to resolve the DR and travel problems and faxed it to

3

Defendant Eric Sellers, the Superintendent of the Clayton Transitional Center. (*Id.*)

On May 17, 2009, DR #27527 was issued because Plaintiff was late returning to the transition center. (Pl.'s Comp. [1], attachment to ¶ IV.) On June 8, 2009, DR #32809 was issued against Plaintiff for bringing unauthorized material to the transition center. (*Id.*) This material was a physical fitness assessment for a client. (*Id.*) Plaintiff alleges that he did not know it was against transition center policy to bring paperwork necessary for his job back to the transition center. (*Id.*) Plaintiff asserts that these DRs were written in retaliation for Ms. Todd's letter. (*Id.*)

As a result of the latter two DRs, on June 10, 2009, Plaintiff was removed from the transition center and transferred to Central State Prison in Macon, Georgia. (*Id.*) Upon arrival at the prison, Plaintiff was placed in an isolated cell and denied his property, phone calls, and visitation. (*Id.*) Plaintiff alleges he was denied due process because GDC policy states that a prisoner should not be sanctioned until there has been a finding of guilt. (*Id.*)

On June 12, 2009, a disciplinary hearing was held, and Plaintiff was found guilty under both DRs. (*Id.*) Plaintiff filed administrative appeals of the DRs to Defendant Sellers. (*Id.*) Both appeals were denied. (*Id.*) Plaintiff then appealed

4

AO 72A
(Rev.8/82)

Defendant Sellers decision to Defendant Shevondah Fields, GDC's Manager of Inmate Affairs and Ombudsman. (*Id.*)

On July 27, 2009, Ms. Todd contacted the GDC to learn the status of Plaintiff's appeals. (*Id.*) The appeal of DR #32809 was denied on July 24, 2009, but the GDC did not have a record of DR #27527. (*Id.*) GDC officials apparently told Ms. Todd that officials at the transition center had failed to process DR #27527 properly. (*Id.*)

On August 11, 2009, Plaintiff filed a petition for judicial review of both appeals in the Superior Court of Fulton County. (*Id.*) On August 20, 2009, Defendant Fields expunged DR #32809. (*Id.*) Plaintiff asserts that Defendant Fields was attempting to cover up the previous denial of his appeal. (*Id.*)

On March 17, 2010, the Superior Court of Fulton County entered a consent order which allowed Plaintiff to file a new appeal of DR #27527. (*Id.*) On April 7, 2010, DR #27527 was expunged because the documentation was not completed in accordance with GDC policy. (*Id.*)

Plaintiff alleges that Defendant Sellers violated Plaintiff's rights under the Eighth and Fourteenth Amendments by failing to comply with GDC policy and procedures in handling the appeals of DRs #27527 and #32809. (Pl.'s Comp. [1],

attachment IV(B).) Plaintiff also alleges that Defendant Fields violated his federal rights by failing to investigate whether Defendant Sellers violated GDC policy and procedure in filing DRs #27527 and #32809 and in handling the first level of appeals of these DRs. (*Id.*)

Plaintiff also alleges that Defendant Sellers destroyed his personal and legal property in retaliation for Ms. Todd's letter. (Pl.'s Comp. [1], attachment IV(A).) Plaintiff does not proffer facts to support the claim that his property was destroyed. Instead, Plaintiff provides an exhibit showing that the inmate identification number placed on his property was 396216, but Plaintiff's correct identification number is 396316. (*Id.*; Pl.'s Exh. E [1].) Plaintiff also shows that some of his personal items were picked up by Ms. Todd because they were not permitted in prison and the rest of his property was shipped under the incorrect identification number to Central State Prison and Valdosta State Prison. (Pl.'s Exh. E [1].)

As relief, Plaintiff seeks compensatory damages, punitive damages, attorney fees, and reimbursement of the costs of this suit. (Pl's. Comp. [1] at ¶ V.) Plaintiff also seeks an injunction directing Defendants Sellers and Fields to comply with GDC policies and procedures and to have a special master oversee them. (*Id.*)

**B.    Analysis**

### 1.  Disciplinary and Appeal Procedures

Plaintiff alleges that his placement in isolation two days before his disciplinary hearing violated GDC procedure and denied him due process. However, Plaintiff's brief time in isolation did not violate the Constitution. *See Sandin v. Conner*, 515 U.S. 472, 487 (1996) (inmate did not have a protected liberty interest in avoiding segregated confinement for 30 days); *Shaarbay v. Palm Beach County Jail*, 350 F. App'x 359, 361-62 (11th Cir. 2009) (30 days in segregated confinement did not violate due process) (unpublished opinion).

Plaintiff also alleges that Defendants Sellers and Fields violated the GDC's inmate appeal procedures. "[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("prison's refusal to entertain his grievance" did not state a civil rights violation); *Thomas v.* Warner, 237 F. App'x 435, 437-38 (11th Cir. 2007) (Relying on *Adams* and *Flick* to find that "a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure") (unpublished opinion). "If the state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional

7

rights. Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim." *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986); 42 U.S.C. § 1997e(b) ("failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action"); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (violation of grievance procedures does not violate the Constitution because grievance procedures are not constitutionally required). Accordingly, Plaintiff is not entitled to recover damages for Defendants' alleged violation of the GDC's appeal procedures.

### 2. Retaliation

Plaintiff alleges that Defendant Sellers issued two DRs and destroyed Plaintiff's personal property in retaliation for Ms. Todd writing Defendant Sellers about a prior DR and Plaintiff's travel difficulties. "To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right. . . . The gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." *Bennett v. Hendrix*, 423 F.3d 1247, 1253 n.6 (2005) (internal quotation omitted). To state an actionable claim of retaliation, a prisoner "must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [] allegedly

8

retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

Plaintiff offers only his subjective opinion to support this claim that two DRs he received were in retaliation for Ms. Todd's letter. Plaintiff acknowledges that he violated transition center rules by returning late on May 17, 2009, and by bringing prohibited material to the transition center on June 8, 2009. Consequently, assuming Ms. Todd's letter constituted protected speech, Plaintiff has failed to allege facts which would demonstrate a causal relationship between the letter and the two DRs issued by Defendant Sellers. *See Davis v. United States*, 272 F. App'x 863, 867-68 (11th Cir. 2008) (no actionable claim of retaliation when Davis admitted violating prison rule and failed to offer evidence that disciplinary segregation was causally related to protected speech) (unpublished opinion); *Thomas*, 237 F. App'x at 438 (Thomas's civil rights action in which he alleged retaliation was properly dismissed as frivolous because he failed to allege facts showing that filing grievances caused the filing of the disciplinary report).

Similarly, the misidentification of Plaintiff's property during to transfer to Central State Prison does not establish the requisite link between Ms. Todd's letter

9

and the loss or destruction of Plaintiff's property. Thus, Plaintiff's retaliation claims should be summarily dismissed.

### 3. Loss of Property

Plaintiff has alleged facts and provided documentation indicating that some of his personal property was at least lost when he was transferred to Central State Prison. However, the Supreme Court has made clear that "the Due Process Clause is simply not implicated by a *negligent* act of a state official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (italics in original). Additionally, the Supreme Court held that the Due Process Clause is not violated when a state employee intentionally deprives an individual of property, provided that the state makes available a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Georgia law provides a cause of action for injuries to property. *See* O.C.G.A. §§ 51-10-1 through 51-10-6; *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) (finding no procedural due process violation because Georgia provides an adequate post-deprivation remedy in O.C.G.A. § 51-10-1). Therefore, this Court concludes that Plaintiff's allegations concerning the possible loss or destruction of his property do not state an actionable claim under § 1983.

**III.   Conclusion**

**IT IS ORDERED** that this *pro se* civil rights complaint [1] is **DISMISSED** pursuant to 28 U.S.C. § 1915A.  For the purpose of dismissal only, Plaintiff's request for leave to file this action *in forma pauperis* [two] is **GRANTED**.

**SO ORDERED, this 8 day of July, 2010.**

> **/s/Thomas W. Thrash**
> **THOMAS W. THRASH, JR.**
> **United States District Judge**